```
                  UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES COLE,                       : CIVIL NO: 4:10-CV-00426
          Plaintiff               :
                                  : (Judge Jones)
     v.                           :
                                  : (Magistrate Judge Smyser)
                                  :
SETH FERRANTI and                 :
GORILLA CONVICT PUBLICATIONS,     :
                                  :
          Defendants              :
```

**REPORT AND RECOMMENDATION**

This is an unusual case of one federal prisoner suing another federal prisoner and that prisoner's publishing company for defamation. The parties have filed motions for summary judgment. Because the plaintiff's claim is barred by the statute of limitations, we recommend that the defendants' motion for summary judgment be granted and that the plaintiff's motion for summary judgment be denied.

I. Background and Procedural History.

On February 25, 2010, the plaintiff, a federal prisoner proceeding *pro se,* commenced this action by filing several documents identified as motions. The plaintiff was granted

leave to proceed *in forma pauperis* and was ordered to file a complaint. The plaintiff then filed a complaint.

The defendants are Seth Ferranti, also a federal prisoner, and Gorilla Convict Publications.[1]

The plaintiff alleges that defendant Ferranti authored, and that defendant Gorilla Convict Publications published, a book entitled *Street Legends*. He alleges that he instructed defendant Ferranti not to use his name in the book. Despite that instruction, the plaintiff alleges that defendant Ferranti included false and defamatory statements about him in the book. Those statements center around the plaintiff's alleged involvement with the Junior Black Mafia (JBM) in the Philadelphia area. They include statements that the plaintiff was a founding member of the JBM, that he was an advisor to one of the group's future leaders, that he participated in illegal drug activity, and that the JBM was involved in numerous murders. The plaintiff alleges that the statements written about him and the quotations attributed to him in the book are untrue and that they were written with malicious intent. He

---

1. The complaint identifies this defendant as Gorilla Convict Publishing. But the defendant identifies itself as Gorilla Convict Publications.

2

claims that the defendants defamed him by committing libel and slander.

The court dismissed the slander claim. The libel claim remains.

The defendants filed an answer to the complaint, and the parties conducted discovery. The discovery deadline was April 1, 2011. The defendants filed a motion for summary judgment as did the plaintiff.

II. Summary Judgment Standard.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the

3

moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must show a genuine dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed.R.Civ.P. 56(c).

A material factual dispute is a dispute as to a factual issue the determination of which will affect the outcome of the trial under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Summary judgment is not appropriate when there is a genuine dispute about a material fact. *Id.* at 248. A dispute as to an issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-

4

moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson, supra,* 477 U.S. at 249-50. In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

At the summary judgment stage, the judge's function is not to weigh the evidence or to determine the truth of the matter, but it is to determine whether there is a genuine issue for trial. *Anderson, supra,* 477 U.S. at 249. The proper inquiry of the court in connection with a motion for summary judgment "is the threshold inquiry of determining whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only

5

by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

III. Discussion.

The defendants contend that the plaintiff's claim is barred by the statute of limitations.

The parties agree that Pennsylvania law applies in this case. A one-year statute of limitations is applicable to libel actions in Pennsylvania. *See* 42 Pa.C.S.A. § 5523(1). The statute of limitations is an affirmative defense and the burden of establishing its applicability rests with the defendants. *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1161 (3d Cir. 1989).

A claim for defamation accrues upon publication of the allegedly defamatory statement. *See Graham v. Today's Spirit,* 468 A.2d 454, 456 (Pa. 1983). The statute of limitations generally begins to run as soon as the right to institute and

6

maintain a suit arises. *Gatling v. Eaton Corp.,* 807 A.2d 283, 289 (Pa.Super.Ct. 2002). But "[t]he discovery rule is an exception to this rule and its application tolls the running of the statute of limitations." *Id.* "The discovery rule provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible." *Id.* The discovery rule applies in some defamation cases. *See e.g. Gallucci v. Phillips & Jacobs, Inc.,* 614 A.2d 284 (Pa.Super.Ct. 1992). But when the defamatory statement is widely circulated such as in a book, magazine, or newspaper, it is generally held that the discovery rule does not apply. *See Wolk v. Olson,* 730 F.Supp.2d 376, 378-79 (E.D.Pa. 2010).

The defendants have presented evidence, which the plaintiff has not disputed, that the book was published in April of 2008. *Doc. 93* at ¶4. The plaintiff did not file this action until February of 2010 - more than a year after the book

7

was published.  Thus, unless the discovery rule is applicable and by its application the running of the statutory one-year period was tolled, the plaintiff's claim is barred by the statute of limitations.  Assuming that the discovery rule applies in this case, the plaintiff's claim is barred by the statute of limitations.

The plaintiff contends that he did not learn of the publication of the book until June of 2009.  The relevant inquiry under the discovery rule is not when the plaintiff actually learned of the book.  The relevant inquiry is when the plaintiff reasonably could have learned of the publication of the book.  The undisputed evidence in this case establishes that the plaintiff could reasonably have learned of the publication of the book within the limitations period.

The defendants have presented undisputed evidence that in 2007 they contacted the plaintiff and informed him that they were publishing the book with a chapter devoted to the JBM. *Doc. 93* at ¶1.  They sent the plaintiff a copy of the manuscript of that chapter for review. *Id.* at ¶2.  The plaintiff did not read the manuscript of that chapter. *Doc. 91-*

*1* at 13. Rather, he wrote to the defendants telling them that they could not write about him. *Id.*

The plaintiff appears to contend that, because he told the defendants that they could not write about him, he should be seen for purposes of the discovery issue to have reasonably assumed that the defendants would not write about him. But that assumption on the plaintiff's part would not have been a reasonable assumption. The defendants did not need the plaintiff's permission to write about him. So it was not reasonable for the plaintiff to believe that his admonition to the defendants not to write about him would have its intended effect. The plaintiff was put on notice of the upcoming publication of the book. *Doc. 92* at ¶2. A reasonable person would have been on the look out for the publication of the book.

The defendants have also presented evidence that the book has been available in stores nationwide and on the internet, that the book was widely advertised in certain street magazines which are popular and routinely read in prisons, and that the book was reviewed by certain hip-hop magazines which

9

are also very prevalent in prison. *Doc. 92* at ¶9. The plaintiff has not argued or presented any evidence that this is not so.

In sum, the defendants have presented evidence that establishes that they made the plaintiff aware that the book was soon going to be published and that, even as a prisoner, the plaintiff could reasonably have learned about the publication of the book. Given the defendants' evidence which has not been disputed by the plaintiff, it is not in genuine dispute that the plaintiff reasonably could have learned of the publication of the book within one year of its publication. Accordingly, the plaintiff's claim is barred by the statute of limitations.

Because the plaintiff's claim is barred by the statute of limitations, we do not address the defendants' other arguments in support of their motion for summary judgment.

IV. Recommendations.

The plaintiff's claim is barred by the statute of limitations.  Accordingly, we recommend that the court deny the plaintiff's motion (doc. 96) for summary judgment, grant the defendants' motion (doc. 91) for summary judgment, and enter judgment in favor of the defendants.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  August 3, 2011.