IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES COLE, | : | |
| | : | 4:10-cv-426 |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| SETH FERRANTI and | : | Hon. J. Andrew Smyser |
| GORILLA CONVICT | : | |
| PUBLISHING, | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### September 2, 2011

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 113), filed on August 3,

2010  which recommends that Defendants' Motion for Summary Judgment (Doc.

91) be granted and that Plaintiff's Motion for Summary Judgment (Doc. 96).

Specifically, Magistrate Judge Smyser concludes that Defendants are entitled to

judgment as a matter of law because Plaintiff filed the instant action outside of the

applicable one-year statute of limitations applied to libel actions in Pennsylvania.

Plaintiff filed objections to the R&R.  (Docs. 115-117). Accordingly, this matter is

ripe for disposition.  For the reasons set forth below, the Court will reject the R&R

and remand this matter to Magistrate Judge Smyser for further pre-trial

management.

## I.     BACKGROUND

*Pro se* Plaintiff James Cole ("Plaintiff" or "Cole") filed this action against *pro se* Defendants Seth Ferranti and Gorilla Convict Publications (collectively "Defendants") on February 25, 2010.  Both Cole and Defendant Ferranti are federal inmates.  The Plaintiff claims that Defendant Ferranti authored and that Defendant Gorilla Convict Publications published a book entitled *Street Legends*. Plaintiff claims that despite previously instructing Defendant Ferranti not to use his name in the book *Street Legends*, the Defendants nonetheless included false and defamatory statements about him in the book.  These statements center around Plaintiff's alleged involvement with the criminal organization called the Junior Black Mafia, which Plaintiff denies.  Plaintiff also alleges that the quotations attributed to him within the book are false.  Plaintiff filed the instant action contending that the Defendants committed libel and slander against him.

On March 3, 2011, we issued a Memorandum and Order (Doc. 72) adopting in part and rejecting in part a previous R&R (Doc. 60) issued by Magistrate Judge Smyser, thereby dismissing Plaintiff's slander claim.  The matter was remanded to Magistrate Judge Smyser for further pretrial management.  Thereafter, the instant cross-Motions for Summary Judgment were filed.  As noted above, Magistrate

Judge Smyser recommends that the Defendants' Motion for Summary Judgment be granted and that this action be dismissed, because Plaintiff's claim was filed outside the applicable statute of limitations for libel actions.  Plaintiff filed objections to the R&R, which we shall now consider herein.

## II.    STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made.  28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  *Id.*  Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III.   DISCUSSION

Magistrate Judge Smyser recommends that summary judgment be granted in favor of the Defendants on the basis that Plaintiff's action was filed outside the one-year statute of limitations applied to libel actions in Pennsylvania.

Specifically, Magistrate Judge Smyser concluded that Plaintiff's action accrued in April 2008, when *Street Legends* was published, and that Plaintiff cannot avail himself of any tolling of the statute.

In his objections, Plaintiff argues that he did not have the full opportunity to address the statute of limitations arguments in his brief in opposition to summary judgment. He also asserts that the Magistrate Judge's inferences concerning Plaintiff's ability to learn of the book's publication in April of 2008 are unreasonable.

Recognizing Plaintiff's *pro se* status, as well as his condition as an inmate, we shall decline to adopt the Magistrate Judge's recommendation to grant summary judgment on statute of limitations grounds at this time.[1]  Accordingly, we shall deny the pending Motions for Summary Judgment. We shall remand this matter back to Magistrate Judge Smyser to give the Plaintiff additional opportunity to develop the record regarding the statute of limitations issue, as well as any other issues that the Magistrate Judge sees fit.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT**:

    1.    The Report and Recommendation of Magistrate Judge Smyser (Doc.

---

[1] Without further development of the record, we are not entirely comfortable with the inferences drawn by the Magistrate Judge related to the tolling of the statute limitations issue.

4

113) is **ADOPTED IN PART** and **REJECTED IN PART** to the

following extent:

a.      The Defendants' Motion for Summary Judgment (Doc. 91) is

**DENIED**.

b.      The Plaintiff's Motion for Summary Judgment (Doc. 96) is

**DENIED**.

2.      This case is **REMANDED** to Magistrate Judge Smyser for further

pre-trial management.

s/ John E. Jones III
John E. Jones III
United States District Judge