IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES COLE, | : | |
| | : | 4:10-cv-426 |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| SETH FERRANTI and | : | Hon. J. Andrew Smyser |
| GORILLA CONVICT | : | |
| PUBLISHING, | : | |
| Defendants. | : | |

## MEMORANDUM

### June 12, 2012

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 161), filed on March 12, 2012, which recommends that Defendant Gorilla Convict Publications' Motion to Dismiss (Doc. 123) be denied and that Defendant Seth Ferranti's Motion for Summary Judgment (Doc. 142) be granted. *Pro se* Plaintiff James Cole ("Plaintiff") filed objections to the R&R (Doc. 163) on March 29, 2012. Accordingly, this matter is ripe for our review. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R, deny the Motion to Dismiss and grant the Motion for Summary Judgment because this matter was filed outside of the applicable statute of limitations.

## I.      BACKGROUND

### A.      Facts

*Pro se* Plaintiff James Cole ("Plaintiff" or "Cole") filed this action against *pro se* Defendants Seth Ferranti and Gorilla Convict Publications (collectively "Defendants") on February 25, 2010.  Both Cole and Defendant Ferranti are federal inmates.  The Plaintiff claims that Defendant Ferranti authored and that Defendant Gorilla Convict Publications published a book entitled *Street Legends*. Plaintiff claims that despite previously instructing Defendant Ferranti not to use his name in the book *Street Legends*, the Defendants nonetheless included false and defamatory statements about him in the book.  These statements center around Plaintiff's alleged involvement with the criminal organization called the Junior Black Mafia, which Plaintiff denies.  Plaintiff also alleges that the quotations attributed to him within the book are false.  Plaintiff filed the instant action contending that the Defendants committed libel and slander against him.

### B.      Procedural History

On March 3, 2011, we issued a Memorandum and Order (Doc. 72) adopting in part and rejecting in part a previous R&R (Doc. 60) issued by Magistrate Judge Smyser, thereby dismissing Plaintiff's slander claim.  The matter was remanded to Magistrate Judge Smyser for further pretrial management.  Thereafter,  cross-

Motions for Summary Judgment were filed.  (Docs. 91 and 96).  Following

briefing thereon, Magistrate Judge Smyser issued a R&R (Doc. 113)

recommending that the Defendants' Motion for Summary Judgment be granted and

that this action be dismissed, because Plaintiff's claim was filed outside the

applicable statute of limitations for libel actions.  Plaintiff objected to this

recommendation.  After consideration of the Plaintiff's objections, we rejected the

Magistrate Judge's recommendations for the following reasons:

> Magistrate Judge Smyser recommends that summary judgment
> be granted in favor of the Defendants on the basis that Plaintiff's
> action was filed outside the one-year statute of limitations applied to
> libel actions in Pennsylvania.  Specifically, Magistrate Judge Smyser
> concluded that Plaintiff's action accrued in April 2008, when *Street
> Legends* was published, and that Plaintiff cannot avail himself of any
> tolling of the statute.
>
> In his objections, Plaintiff argues that he did not have the full
> opportunity to address the statute of limitations arguments in his brief
> in opposition to summary judgment.  He also asserts that the
> Magistrate Judge's inferences concerning Plaintiff's ability to learn of
> the book's publication in April of 2008 are unreasonable.
>
> Recognizing Plaintiff's *pro se* status, as well as his condition as
> an inmate, we shall decline to adopt the Magistrate Judge's
> recommendation to grant summary judgment on statute of limitations
> grounds at this time.  Accordingly, we shall deny the pending Motions
> for Summary Judgment.  We shall remand this matter back to
> Magistrate Judge Smyser to give the Plaintiff additional opportunity
> to develop the record regarding the statute of limitations issue, as well
> as any other issues that the Magistrate Judge sees fit.

(Doc. 118, pp. 3-4).  Essentially, we were uncomfortable with granting summary

judgment in favor of the Defendants solely on the inferences drawn by the

Magistrate Judge related to the tolling of the statute of limitation issue and thus

remanded the matter for further development of the record.

Upon remand, Magistrate Judge Smyser issued an Order (Doc. 119)

reopening discovery until December 6, 2011 and setting a new dispositive motions

deadline of January 6, 2012.  Thereafter, on September 29, 2012, Defendants'

Motion to Dismiss was filed (Doc. 123) and their Motion for Summary Judgment

(Doc. 142) was filed on December 13, 2012.  Following full briefing on these

Motions, the instant R&R was filed.

### C.      Recommendations Contained in R&R *sub judice*

#### 1.      Motion to Dismiss

The Defendants move for dismissal of Gorilla Convict Publications as a

Defendant in this matter on the grounds that the party was identified as Gorilla

Convict <u>Publishing</u> rather than its correct name of Gorilla Convict <u>Publications</u>.

Magistrate Judge Smyser recommends that the Motion be denied, noting that both

parties have, by and large, referred to the Defendant by its correct name, Gorilla

Convict Publications, throughout the litigation and that there has been no prejudice

to the party by the erroneous reference.  This recommendation is unobjected to

and, inasmuch as we find the recommendation to be entirely reasonable, we shall

adopt the same and deny the Motion to Dismiss.

### 2.    Motion for Summary Judgment

Defendant Ferranti's Motion for Summary Judgment again raises the argument that Plaintiff's action is time-barred because it was filed outside of the one-year statute of limitations applied to defamation claims.  Magistrate Judge Smyser recommends that the Motion be granted, noting that the Plaintiff was informed of Defendant Ferranti's plan for the book in April of 2007.[1]  Plaintiff himself has admitted that he informed Defendant Ferranti that he did not want to be referenced in the book.  *Street Legends* was published in April of 2008.  Plaintiff ultimately obtained and read the book in December of 2009.   The Magistrate Judge recommends that the Motion for Summary Judgment be granted because this action, filed on February 25, 2010 was filed outside of the statute of limitations.

## II.    STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made.  28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may

---

[1] We note that the Magistrate Judge erroneously put April of 2008 as the date when Plaintiff was first informed about the book.  However, Defendant Ferranti's statement of facts states that "Plaintiff was contacted on or about April 2007 and sent a courtesy copy of the manuscript."  (Doc. 144, p. 4).

accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III.   DISCUSSION

In his objections, Plaintiff persists in his argument that the "discovery rule" should operate in this defamation action, and essentially toll the statute of limitations in a way that saves his claim. However, Plaintiff's argument ignores the trend in Pennsylvania's federal district courts *not* to apply the discovery rule to mass-media defamation actions, and holding that a defamation cause of action begins to accrue at the publication of mass-media containing the defamatory statement. *See Wolk v. Olson*, 730 F. Supp. 2d 376 (E.D. Pa. 2010); *Bradford v. Am. Media Operations*, 882 F. Supp. 1508, 1519 (E.D. Pa. 1995); *Barrett v. Catacombs Press*, 64 F. Supp. 2d 440, 446 (E.D. Pa. 1999)("[T]he discovery rule should not be applied where . . . a defendant's alleged defamation was not done in a manner meant to conceal the subject matter of the defamation."); *Drozdowski v. Callahan*, 2008 U.S. Dist. LEXIS 10164 (E.D. Pa. Feb. 12, 2008)(declining to

apply the discovery rule to defamation published in a book).  These cases all recognize that the discovery rule, a narrow  exception to an otherwise strict limitation standard, is intended for hard-to-discern injuries.  Thus, the discovery rule is at "odds with a cause of action based upon a defamatory statement disseminated through a mass medium. . ." *Wolk*, 730 F. Supp. 2d at 378.  While we recognize that neither the Pennsylvania Supreme Court or the United States Court of Appeals for the Third Circuit has spoken directly to this legal issue, we are persuaded by the reasoning of our sister courts.[2]  Accordingly, because *Street Legends* was published in April of 2008 and the Plaintiff filed the instant lawsuit in February of 2010, nearly two years after the publication of the book, we shall grant summary judgment in favor of the Defendants on Plaintiff's claim, because it is barred by the one-year statute of limitations applied to defamation actions in Pennsylvania.  *See* 42 Pa. C. S. § 5523(1).

---

[2] Plaintiff can hardly claim that he was unaware of the imminent publication of this book. Indeed, Plaintiff was aware of the prospect of the book's publication in April of 2007 when he was given a manuscript to review.  Thus, this is not a situation where a plaintiff had absolutely no way of learning of his injury until after the limitations period.  Rather, Plaintiff was  on notice of the potential contents of the book as well as the fact that Defendant Ferranti was attempting to have the work published.  Regardless of the fact that Plaintiff was an inmate, he knew the book's publication was impending. He was thereafter not vigilant in obtaining the book or learning of its contents, but rather slept on his rights.  Based on these facts, this is not a circumstance where the discovery rule can save Plaintiff's claims from being barred by operation of the statute.

**IV.   CONCLUSION**

Accordingly, based on the foregoing reasons, we shall adopt the Magistrate Judge's R&R.  The Motion to Dismiss shall be denied and the Motion for Summary Judgment shall be granted.  This matter shall be closed.  An appropriate Order shall issue.